Dear Mr. Castille:
You have requested the opinion of this office on the interpretation of R.S. 46:6 as amended by Act 893 of 1991 which requires charity hospitals to charge, "a minimum fee of three dollars and fifty cents per service unit to every patient who is rendered services or treatment at that hospital, except that such fee may be waived for a patient who is totally without funds . . ."
You have indicated that LHCA and the Department of Health and Hospitals participated in the legislative process which resulted in the passage of this act and that the LHCA believes that it was the legislature's intent to impose the fee on everyone receiving service, subject to waiver and medicare and medicaid regulations. In addition, you cite LHCA's opinion that the legislature intended to impose the fee at the point of service in order to discourage overutilization and that it was meant as a charge on account rather than a service charge.
You indicate that the Legislative Auditor has concluded that the fee should be imposed only on those persons not eligible for free care and that the fee need not be collected at the time of service and that the fee should be viewed as a service charge, not a charge on account.
Both parties to this difference of opinion concur that the statute is ambiguous and admits of several interpretations. We concur in that conclusion. There are no definitions in the statute of such key terms as "medically indigent", "medically needy", "minimum fee", "service unit", and "privately apprised". Since the statute was enacted almost two years ago we can understand the need to proceed with implementation, but it is also apparent that there is a serious need for legislative clarification of the requirements imposed by this act.
Until such clarification can be obtained, hopefully in the upcoming 1993 regular session, LHCA should be allowed to proceed with implementation based on its understanding of the legislative intent as a participant in the debate which led to this law. It is well established that administrative agencies are to be given broad latitude in the interpretation and application of laws delegated to it. See Clark Oil Producing Co. v. Hodel, 667 F. Supp. 281, (E.D, La. 1987). LHCA appropriately points out that its interpretation will be subject to legislative review when the oversight committee reviews the proposed rules being promulgated by LHCA pursuant to the legislative directive.
This opinion is based on the representations of the issue set forth in your request and in the executive summary of the performance audit by the Legislative Auditor. Considerable weight is given to your interpretation of the legislative history of Act 893 of 1991 as presented in these documents.
I trust that this answers your inquiry. Please let me know if we may be of further assistance to you in this matter.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: GLENN R. DUCOTE Assistant Attorney General
GRD:427